# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## *Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | DEED AND NOTE TRADERS, L.L.C. |
| **Case Number:** | 4:10-BK-03640-EWH **Chapter:** 11 |
| **Date / Time / Room:** | MONDAY, NOVEMBER 29, 2010 01:00 PM COURTROOM 446 |
| **Bankruptcy Judge:** | EILEEN W. HOLLOWELL |
| **Courtroom Clerk:** | TERESA MATTINGLY |
| **Reporter / ECR:** | ALICIA JOHNS |

## *Matters:*

1) EVIDENTIARY HEARING ON CONFIRMATION OF PLAN OF REORGANIZATION DATED APRIL 2, 2010 . (set at hrg. held 8/30/10) (cont. from 11/1/10)
   **R / M #:** 278 / 0

2) APPLICATION FOR ATTORNEY OR OTHER PROFESSIONAL COMPENSATION (AUGUST, 2010) FILED BY SCOTT D. GIBSON OF GIBSON, NAKAMURA & GREEN, PLLC ON BEHALF OF DEED AND NOTE TRADERS, L.L.C.
   **R / M #:** 622 / 0

3) ADM: 4:10-bk-03640-EWH
   Application for Attorney or Other Professional Compensation (September, 2010) filed by SCOTT D. GIBSON of GIBSON, NAKAMURA & GREEN, PLLC on behalf of DEED AND NOTE TRADERS, L.L.C.
   **R / M #:** 749 / 0

4) EVIDENTIARY HEARING ON MOTION TO APPOINT TRUSTEE PURSUANT TO 11 USCA SECTION 1104 FILED BY DENNIS A. ROSEN ON BEHALF OF JOHN MUNIC ENTERPRISES . (set at hrg. held 8/30/10) (cont. from 11/1/10)
   **R / M #:** 425 / 0

5) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF U.S. BANK NATIONAL ASSOCIATION (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   **R / M #:** 178 / 0

6) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF CHASE HOME FINANCE, LLC. (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   **R / M #:** 179 / 0

7) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF CITIBANK, N.A., (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   **R / M #:** 181 / 0

8) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE. (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   **R / M #:** 183 / 0

9) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF CITIBANK, N.A. (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   **R / M #:** 184 / 0

10) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF RESIDENTIAL FUNDING COMPANY, LLC. (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
    **R / M #:** 186 / 0

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 4:10-BK-03640-EWH  MONDAY, NOVEMBER 29, 2010 01:00 PM

11) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE. (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   187 / 0

12) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF FLAGSTAR BANK, FSB. (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   182 / 0

13) mb MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF CITIBANK, N.A., (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   180 / 0

14) mb AMENDED MOTION TO DISMISS CASE FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF KONDAUR CAPITAL CORPORATION . (cont. from 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   198 / 0

15) ks U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE'S MOTION TO DISMISS FILED BY KYLE SHELTON OF PITE DUNCAN LLP.
   R / M #:   881 / 0

16) ks MOTION TO DISMISS CASE FILED BY KYLE SHELTON OF PITE DUNCAN LLP ON BEHALF OF SELECT PORTFOLIO SERVICING INC. AS SUCCESSOR IN INTEREST TO PNC BANK, N.A.
   R / M #:   903 / 0

17) ADM: 4:10-bk-03640-EWH
   mb FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: REAL PROPERTY, 8421 COLETTE ST.,TUCSON, AZ 85710 FILED BY MARK BOSCO OF TIFFANY & BOSCO, P.A. ON BEHALF OF U.S. BANK NATIONAL ASSOCIATION.   (set at hrg. held 7/13/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   79 / 0

18) ca FINAL HEARING ON MOTION FOR RELIEF FROM STAY AND FOR ADEQUATE PROTECTION FILED BY CLIFFORD B ALTFELD OF ALTFELD & BATTAILE P.C. ON BEHALF OF CANYON COMMUNITY BANK, N.A. (set at hrg. held 6/10/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   112 / 0

19) kh FINAL HEARING ON MOTION FOR RELIEF FROM STAY [RE: 3926 EAST CAMINO DE PALMAS, TUCSON, AZ 85711] FILED BY KEVIN HAHN OF MALCOLM & CISNEROS ON BEHALF OF WELLS FARGO BANK. (cont. from 11/1/10)
   R / M #:   510 / 0

20) kh FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 834 WEST CALLE ANTONIA, TUCSON, AZ 85706 FILED BY KEVIN HAHN OF MALCOLM & CISNEROS ON BEHALF OF ONEWEST BANK, FSB. (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   420 / 0

21) kh FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 1497 WEST SAN RICARDO BLVD, TUCSON AZ 85713 FILED BY KEVIN HAHN OF MALCOLM & CISNEROS ON BEHALF OF FLAGSTAR BANK, FSB. (cont. from 8/5/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:   296 / 0

Case 4:10-bk-03640-BMW   Doc 1037   Filed 11/29/10   Entered 12/07/10 17:50:04   Desc
Main Document    Page 2 of 8   12/07/2010  5:48:53PM

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 4:10-BK-03640-EWH           MONDAY, NOVEMBER 29, 2010 01:00 PM

22) kh FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 3041 SOUTH TOWER ROAD, TUCSON, AZ 85713 FILED BY KEVIN HAHN OF MALCOLM & CISNEROS ON BEHALF OF HSBC MORTGAGE CORPORATION (USA). (cont. from 8/5/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:    324 /  0

23) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 5690 EAST 21ST STREET, TUCSON, AZ 85711, (AZ-10-25554) FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF WELLS FARGO BANK, N.A. AS TRUSTEE . (set at hrg. held 7/1/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:    164 /  0

24) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 3270 NORTH PLACITA DE CORONADO, TUCSON, AZ 85749 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF WELLS FARGO BANK, N.A. (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:    404 /  0

25) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY 1339 SOUTH AVENIDA SIRIO TUCSON, AZ 85710 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY. (cont. from 8/5/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:    363 /  0

26) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 3731 EAST 27TH STREET TUCSON, AZ 85713, FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF CITIBANK, N.A. (set at hrg. held 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
   R / M #:    147 /  0

27) ADM: 4:10-bk-03640-EWH
    ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 1414 WEST SONORA STREET, TUCSON, AZ 85745 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE . (cont. from 8/30/10) (cont. from 11/1/10)
    R / M #:    443 /  0

28) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 872 WEST WEDWICK STREET TUCSON, AZ 85713 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE . (set at hrg. held 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
    R / M #:    142 /  0

29) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 4874 EAST 12TH STREET, TUCSON, AZ 85711 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF AURORA LOAN SERVICES LLC. (set at hrg. held 6/22/10) (cont. from 8/30/10) (cont. from 11/1/10)
    R / M #:    138 /  0

30) ms FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 1521 NORTH ATWOOD AVENUE TUCSON, AZ 85745, FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF AURORA LOAN SERVICES LLC. (set at hrg. held 6/10/10) (cont. from 8/30/10) (cont. from 11/1/10)
    R / M #:    119 /  0

31) ms FINAL HEARING ON AMENDED MOTION FOR RELIEF FROM STAY RE: 3445 SOUTH WESTERN WAY TUCSON, AZ 85735 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF WELLS FARGO BANK, N.A. AS TRUSTEE . (cont. from 4/22/10) (cont. from 5/18/10) (cont. from 6/8/10) (cont. from 8/30/10) (cont. from 11/1/10)
    R / M #:    57 /  0

Case 4:10-bk-03640-BMW   Doc 1037   Filed 11/29/10   Entered 12/07/10 17:50:04   Desc
Main Document    Page 3 of 8                                          12/07/2010  5:48:53PM

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)... 4:10-BK-03640-EWH    MONDAY, NOVEMBER 29, 2010 01:00 PM

32) ms  FINAL HEARING ON MOTION FOR RELIEF FROM STAY RE: 4913 WEST CALLE DON ROBERTO TUCSON, AZ 85757 FILED BY MATTHEW A. SILVERMAN OF MCCARTHY HOLTHUS LEVINE ON BEHALF OF HSBC MORTGAGE CORPORATION. (cont. from 11/1/10)

R / M #:   631 / 0

*Appearances:*

    SCOTT D. GIBSON, ATTORNEY FOR DEED AND NOTE TRADERS, L.L.C.
    DAVID KINAS, PRESENT IN COURTROOM
    DAVID SOBEL FOR CLIFF ALTFELD, ATTORNEY FOR CANYON COMMUNITY BANK
    JESSICA R. KENNEY, ATTORNEY FOR AURORA LOAN SERVICES LLC., CITIBANK, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY, AND WELLS FARGO BANK, N.A
    BRIAN PAINO, ATTORNEY FOR VARIOUS SECURED CREDITORS
    DENNIS ROSEN, ATTORNEY FOR THE THE ROSENS AND JOHN MUNIC ENTERPRISES
    MR. KENNEDY, PRESENT IN COURTROOM
    JASON SHERMAN, OCWEN, SUNTRUST MORTGAGE AND  CHASE HOME FINANCE
    IAN QUINN, ATTORNEY FOR US BANK
    NANCY MARCH, ATTORNEY FOR RMKM FAMILY LIMITED PARTNERSHIP
    MATT GOLDSTEIN FOR GERARD O'MEARA, ATTORNEY FOR ALASKA SEABOARD PARTNERS
    LEONARD MCDONALD, ATTORNEY FOR VARIOUS SECURED CREDITORS

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...   4:10-BK-03640-EWH           MONDAY, NOVEMBER 29, 2010 01:00 PM

## *Proceedings:*

Mr. Gibson discusses objection by Ms. March.  There was concern that there were City of Tucson zoning violations due to deeds not being recorded.  After distribution of the deeds, the debtor took no further action to maintain the properties.   He explains that under the current plan the Class Five creditors who have not recorded their tendered deeds after thirty days, the debtor could record those deeds on their behalf.  With respect to Ms. March's client they have agreed that if they are advised that RMKM does not want the deeds, they will not record the deeds but may contribute to a charitable organization if appropriate.

The court asks what is the authority under the law to record a deed-in-lieu unless it is accepted by the creditor.

Mr. Gibson responds that a confirmed plan under Chapter 11 that says that the property is being deeded back to the secured lender in satisfaction of their obligation.  They tendered deeds and assumed they were being recorded.

The court states that as long as all Class Five creditors are treated the same.

Mr. Gibson has no problem with that.  He will have to make some minor modifications and does not think that is a material modification as to those Class Five creditors.   As long as creditors provide reasonable notice that they will not accept the deeds so that the steps can be taken to either protect the property or deed it over to a third party.

Ms. March states with that modification they can sign off on the order confirming the plan.

Mr. Gibson has had numerous telephone conversations with all counsel.  He has reached a settlement with Mr. Rosen.  It is a very complicated issue and there are still details to be worked out.  With respect to the Class Four creditors, he has had an opportunity to go through them as a group and talk about how this might be handled procedurally.  He expects to argue the motions to dismiss today.   He believes the motions for relief from stay are resolved except for  those that deal with the specific properties where they have not agreed to value.

Court begins addressing each property for which a motion for relief from stay has been filed and is set for hearing today beginning with  Item #17 - Colette Street.

Mr. Gibson believes this has been resolved and a valuation has been reached.  He believes that subject to the court's ruling on the motion to dismiss and confirmation over objection to feasibility that Mr. McDonald's client would concede to the agreed upon value.

Mr. McDonald responds that Mr. Gibson's assertions are correct.

Mr. Gibson states a stipulation will be submitted as to what the agreed upon value is.

The court asks about Item #18.

Mr. Gibson states the Canyon Community Bank motion is resolved by stipulation pending signing of and entry of confirmation order.

The court asks about Items  #19,  #20, #21 and #22.

Mr Gibson states he has agreed on value for all the properties and are prepared to submit those by stipulation subject only to the court's ruling on confirmation.

The court asks about Item #23 - 5690 E. 21st Street

Page 5 of 8

Case 4:10-bk-03640-BMW    Doc 1037    Filed 11/29/10    Entered 12/07/10 17:50:04    Desc
Main Document     Page 5 of 8          12/07/2010  5:48:53PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...    4:10-BK-03640-EWH        MONDAY, NOVEMBER 29, 2010 01:00 PM

Mr. Gibson believes an agreement has been reached on value and they will submit it by stipulation subject only to the court's ruling on confirmation.

Ms. Kenney confirms that is correct.

The court asks about Item #24 - 3270 N. Placita De Coronado

Mr. Gibson states a valuation has not been reached. There are structural issues with the property. Both parties have filed a declaration and will be submitting a stipulation requesting the court make a determination based upon those declarations.

The court asks about Item #25 - 1339 S. Avenida Sirio.

Mr Gibson states the parties will stipulate to a value subject only to the court's ruling on confirmation.

The court asks about Item #26 - 3731 E. 27th Street.

Mr. Gibson believes the parties have reached an agreement on value and will submit by stipulation subject to the court's ruling on the plan.

The court asks about Item #27 - 1414 W. Sonora.

Mr. Gibson states Mr. Silverman has not received back confirmation from their client on the debtor's offer. They will submit by stipulation or ask the court to rule based upon the declarations.

The court asks about Item #28 - 872 West Wedwick

Mr. Gibson believes the parties have reached an agreement on value and will submit by stipulation subject to the court's ruling on the plan.

The court asks about Item #29 - 4874 East 12th

Mr. Gibson believes the parties have reached an agreement on value and will submit by stipulation subject to the court's ruling on the plan.

The court asks about Item #30 -  1521 North Atwood

Mr. Gibson responds this is the same.

The court asks about Item #31 - 3445 S. Western Way

Mr. Gibson responds this is the same.

The court asks about Item #32 - 4913 W. Calle Don Roberto

Mr. Gibson believes the parties have reached an agreement on value and will submit by stipulation subject to the court's ruling on the plan.

Court asks Mr. Paino what the status is of his client's properties.

Case 4:10-bk-03640-BMW    Doc 1037    Filed 11/29/10    Entered 12/07/10 17:50:04    Desc
Main Document    Page 6 of 8    12/07/2010  5:48:53PM

(continue)... 4:10-BK-03640-EWH  MONDAY, NOVEMBER 29, 2010 01:00 PM

Mr. Paino states that they have either reached an agreement with respect to value of the properties or they have reached a stipulation lifting the stay.

Mr. Gibson states there was one property where he thought they had agreed on a value, but the client indicated they paid some monies for escrow payments so they will verify that they have not double paid those. If they have not, then they will agree to the higher value on the property.

Mr. Paino responds that the middle ground was $112, 981.00 for 1529 E. Wedwick property. In the event that Select Portfolio Servicing advanced those taxes and didn't receive a refund, the value will be increased by the amount of the escrow advance.

ITEM #5 THROUGH ITEM #16 - MOTIONS TO DISMISS

Mr. McDonald renders oral argument on the motion to dismiss.

Mr. Paino renders oral argument on the motion to dismiss.

Mr. Gibson responds.

Mr. Paino has nothing further to add besides what's been filed and what's been briefed. He submits to the court that to the extent of the decline in the real estate market and the resulting decline in the rental market, it was foreseeable in 2007 that there would be a decline in the real estate market and resulting decline in the rental market. To allow the debtor to file a new Chapter 11 plan would violate the core policy behind Section 1127.

The court places its finding on the record and rules that if a deal cannot be made, it will dismiss the case but will give the parties some time.

Mr. Gibson asks for thirty days to resolve the issues.

Mr. McDonald has no objection.

Mr. Paino has no objection.

At 1:50 p.m. the court is in recess for fifteen minutes to give the parties an opportunity to figure out how they would like to proceed.

At 2:00 p.m. the court reconvenes.

Mr. Gibson asks for a continued hearing date after the first of the year. The debtor is going to continue to negotiate to reach consent or agreement on stay relief as to the creditors who filed the motion. He asks the court to consider at the conclusion of the next hearing to issue a decision which would reserve the right of the parties to consent. None of the creditors has an objection to having the 1129 declaration submitted in writing. He discusses settlement with Mr. Rosen's client.

COURT: THE CONTINUED HEARING ON PLAN CONFIRMATION IS SET FOR WEDNESDAY, DECEMBER 22, 2010 AT 10:00 A.M (est. one hour)  Lawyers in Phoenix may appear by video.

Mr. Gibson asks for a fourteen day settlement notice.

The court agrees and confirms that any potential settlement with Mr. Rosen's client may be heard at the December 22nd

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...    4:10-BK-03640-EWH        MONDAY, NOVEMBER 29, 2010 01:00 PM

hearing.

Mr. Goldstein states his client's objection was based on them being impaired and not consenting. He thinks the motion to dismiss would equally apply if you filed an objection. The need to get the consent of creditors at this point would be equal for all creditors that are claiming impaired and not consenting.

The court responds that it is too late.

Mr. Gibson has been working with Mr. O'Meara and he believes they will be able to work out a separate stipulation.

The court states there will not be any late filed motions to dismiss.

Mr. Kenney states that their objections do include the same premise under the 1127 argument. All of her motions do have pending motions for relief from stay.

Mr. Gibson states they had an objection to the July and August Applications for Compensation. They still have pending a September and October application. He has asked Mr. Rosen to agree to waive his objection as to the July $1000 and August payment and Mr. Rosen has signed off. He will upload an order.

Page 8 of 8

Case 4:10-bk-03640-BMW    Doc 1037    Filed 11/29/10    Entered 12/07/10 17:50:04    Desc
Main Document    Page 8 of 8    12/07/2010    5:48:53PM