# TIFFANY & BOSCO
P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 E. CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
David W. Cowles
State Bar No. 021034
Attorneys for Secured Creditors
08-05986

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ARIZONA**

IN RE:

Deed and Note Traders, L.L.C.

Debtor.

No. 4:10-bk-03640-BMW

Chapter 11

**OMNIBUS OBJECTION TO DEBTOR'S MOTION TO MODIFY PLAN**

PNC Mortgage, a division of PNC Bank, NA ("PNC"); Wells Fargo Bank, N.A. ("Wells Fargo"); Flagstar Bank, FSB ("Flagstar"); Residential Credit Solutions, Inc. as servicer for J.P. Morgan Acquisition Corp. ("RCS"); Ocwen Loan Servicing, LLC ("Ocwen"); and Green Tree Servicing, LLC ("Green Tree"); (collectively "Secured Creditors"), by their attorneys, TIFFANY & BOSCO, P.A., hereby object to Debtor's Motion to Modify Plan (the "Motion") as follows:

**I.    BACKGROUND FACTS**

*A. Debtor's First Bankruptcy.*

On December 7, 2007, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Arizona (the "First Case"), which was assigned case number 4:07-bk-01734-EWH. On December 26, 2007, Debtor filed a Disclosure Statement and Plan of Reorganization Dated December 7, 2007.

Subsequently, on April 24, 2008, Debtor filed a First Amended Chapter 11 Plan of Reorganization. Finally, on May 22, 2008, Debtor filed a Second Amended Chapter 11 Plan of Reorganization (the "First Plan").

On October 23, 2008, the Court entered an Order Confirming Debtor's Plan of Reorganization Dated December 7, 2007 as Amended ("First Confirmation Order").

On February 8, 2010, the Court entered a Final Decree and Order Closing Case in the First Case.

### B. *Debtor's Second Bankruptcy*.

On February 12, 2010, Debtor commenced this case by filing a second voluntary petition under Chapter 11 of the Bankruptcy Code (the "Second Case"). On April 6, 2010, the Debtor filed its Disclosure Statement and Debtor's Plan of Reorganization Dated April 2, 2010 (the "Second Plan").

On June 9, 2010, the Debtor filed its First Amended Disclosure Statement for Debtor's Plan of Reorganization Dated April 2, 2010 (the "Second Disclosure Statement"). Attached to the Second Disclosure Statement as Exhibit 5 is a schedule of all the properties and lenders with alleged secured claims against the Debtor's bankruptcy estate, the balances of the liens against each property, and the estimated current market value of each property.

On February 10, 2011, the Court issued an Order Confirming Debtor's Plan of Reorganization Dated April 2, 2010 as Modified by First Modification of Plan Dated December 22, 2010 (the "Second Confirmation Order").

As the Second Plan was so convoluted, the Secured Creditors, among other creditors, had to file motions for clarification of certain terms of the Second Confirmation Order, in order to update their systems. The Secured Creditors and the related properties are listed below:

**1. PNC's Interests.**

PNC holds a first-priority secured interest in the following real properties:

i. <u>8324 E. Beverly St., Tucson, AZ 85710</u>*:* An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1594.

ii. <u>3738 E. March Place, Tucson, AZ 85713</u>: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1595.

iii.     3705 E. 27th Place, Tucson, AZ 85713: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1596.

**2.     Wells Fargo's Interests.**

Wells Fargo holds a first-priority secured interest in the following properties:

*i.*     6264 W. Velvet Senna Drive, Tucson, AZ 85746: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1597.

*ii.*     6643 West Harbin Ridge Way, Tucson, AZ 85746: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1598.

*iii.*     2820 E. 18th Street, Tucson, AZ 85719: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1599.

*iv.*     6279 W. Desert Laurel, Tucson, AZ 85746: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1600.

*v.*     2453 W. Tyler River Drive, Tucson, AZ 85705: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1601.

*vi.*     9268 North Red Diamond, Tucson, AZ 85742: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1602.

*vii.*     491 West Hammerhead Way, Tucson, AZ 85706: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1603.

*viii.*     2041 S. Magnolia Ave., Tucson, AZ 85711: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1607.

*ix.*     1249 W. Navajo Street, Tucson, AZ 85705: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1608.

*x.*     2737 N. Orchard Avenue, Tucson, AZ 85712: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1610.

xi.     4984 W. Calle Don Roberto, Tucson, AZ 85757: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1611.

**3. Flagstar's Interests**.

Flagstar Bank holds a first-priority secured interest in the following properties:

    i.    <u>5887 N. Misty Ridge Drive, Tucson, AZ 85718</u>: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1605. Flagstar's system has been updated with the terms of the confirmed plan. Debtor is due and owing for November 1, 2012, and a Notice of Default has been filed.

    ii.    <u>8054 S. Fenway Drive, Tucson AZ 85706</u>: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1606.

**4. RCS's Interest**.

RCS holds a first-priority secured interest in the following property:

    i.    <u>1631 North Saddleback Lane, Tucson, AZ 85745</u>: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1604.

**5. Ocwen's Interests**.

Ocwen holds a first-priority secured interest in the following property:

    i.    <u>834 Calle Antonia, Tucson, AZ 85706</u>: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1616.

    ii.    <u>3001 W. Calle Canario, Tucson, AZ 85746</u>: An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1615.

**6. Green Tree's Interests.**

    i.    <u>5779 S. Manta Ray Road, Tucson, AZ 85706:</u> An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1618.

    ii.    <u>2225 N. Dodge Blvd., Tucson, AZ 85716:</u> An order for clarification of plan terms was granted on June 18, 2014 at docket no. 1617.

    iii.    <u>8880 North Silver Moon Way, Tucson, AZ 85743:</u> An order for clarification of plan terms has not been entered on this property.

    iv.    <u>4009 E. Hayhurst Lane, Tucson, AZ 85712:</u> An order for clarification of plan terms has not been entered on this property.

## II. ARGUMENT

### A. *Debtor cannot modify the Chapter 11 Plan if it has been substantially consummated.*

Debtor has filed a motion to modify the Chapter 11 Plan, which was confirmed on February 10, 2011, and is requesting an extension of the maturity date from November 23, 2015 to November 23, 2020. Pursuant to the Orders for clarification of plan treatment, payments under the plan were to commence April 1, 2011 and continue thereafter until November 1, 2015, at which time a balloon payment would be due. 11 U.S.C. §1127(b) provides:

> (b) The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan *and before substantial consummation of such plan*, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title. [Emphasis added].

Secured Creditors believe the plan has already been consummated as the majority of the payments have already been completed. 11 U.S.C. §1101(2) provides:

> "substantial consummation" means—
>
> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) commencement of distribution under the plan.

"The word 'substantial' suggests more than halfway, more than a mere preponderance." *In re Jorgensen*, 66 B.R. 104, 107 (9th Cir.BAP 1986). Here, the payments were to commence April 1, 2011, and the maturity date is November 23, 2015. Payments under the plan are almost complete.

Further, it is up to the Debtor to provide the burden of proof that the plan has not been substantially consummated. Debtor's motion does not address consummation of the plan. *In re Modern Steel Treating Co.*, 130 B.R. 60, 64 (Bankr.N.D.Ill.1991).

### B.   *"[T]he debtor's inability to refinance or sell the property by the "drop dead date" in order to pay its creditors is not a reason for modification under § 1127(b)."*

Debtor alleges in its Motion it cannot get financing due to poor credit as a result of the creditors not updating their systems with the terms of the confirmed plan. Debtor is in default on several loans that have been updated with the confirmed plan terms. Debtor is not in default due to Secured Creditors' failure to update their systems, but rather due to non-payment. Debtor cannot modify the plan due to its non-performance under the plan. "[T]he debtor's inability to refinance or sell the property by the "drop dead date" in order to pay its creditors is not a reason for modification under § 1127(b)." *In re Dam Road Mini Storage*, 156 B.R. 270, 271 (Bankr. S.D. Cal. 1993).

### III.   CONCLUSION

Secured Creditors respectfully request that this Court deny Debtor's Motion as the plan has been substantially consummated, and Debtor cannot modify the plan because it cannot get refinanced due to its own non-payment. Debtor has a history of non-payment and this is the reason for the poor credit. Extending the maturity date will not ensure Debtor will be able to get refinanced at the time of a new maturity date.

Dated this 1st day of July, 2015.

                Respectfully submitted,

                TIFFANY & BOSCO, P.A.

                By  /s/ LJM #014228
                    Mark S. Bosco
                    Leonard J. McDonald
                    David W. Cowles
                    Attorneys for Secured Creditors

COPY of the foregoing mailed this
Dated this 1st day of July, 2015 to:

Deed and Note Traders, L.L.C.
1302 N. Alvernon Way
Tucson, AZ  85712
Debtor

Scott D. Gibson
2329 N. Tucson Blvd.
Tucson, AZ  85716
Attorney for Debtor

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

By:  *Gail Hardin*