# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

*Hearing Information:*

|   |   |
|---|---|
| **Debtor:** | DEED AND NOTE TRADERS, L.L.C. |
| **Case Number:** | 4:10-BK-03640-BMW    **Chapter:** 11 |
| **Date / Time / Room:** | WEDNESDAY, OCTOBER 14, 2015 01:30 PM   COURTROOM 446 |
| **Bankruptcy Judge:** | BRENDA M. WHINERY |
| **Courtroom Clerk:** | REBECCA VOLZ |
| **Reporter / ECR:** | RHIANNA DOMINGUEZ |

*Matters:*

1) HEARING ON DEBTOR'S MOTION TO MODIFY PLAN
   R / M #:   1,766 / 0

2) CONTINUED HEARING RE: ORDER TO SHOW CAUSE FOR CONTEMPT (CONT. FROM 06/12/2015)
   R / M #:   1,402 / 0

3) CONTINUED STATUS HEARING RE: MOTION TO APPROVE ORDERS CLARIFYING TERMS OF CONFIRMED PLAN FILED BY JP MORGAN CHASE BANK NATIONAL ASSOCIATION (CONT. FROM 8/20/15)
   R / M #:   1,782 / 0

4) EXPEDITED HEARING ON MOTION TO COMPEL DEBTOR TO PERFORM ITS OBLIGATIONS PURSUANT TO ASSUMED CONTRACT FILED BY UDALL LAW FIRM, LLP REPRESENTING CHRISTOPHER JORDAN
   R / M #:   1,800 / 0

5) CONTINUED STATUS HEARING (CONT. FROM 08/20/2015).
   R / M #:   0 / 0

6) LODGING PROPOSED ORDER FILED BY LEONARD J. MCDONALD JR. OF TIFFANY & BOSCO, P.A. ON BEHALF OF FLAGSTAR BANK, FSB .
   R / M #:   1,778 / 0
   **VACATED:** ORDER Terminating the Automatic Stay for Failure to Cure Pursuant to the Terms of the Adequate Protection Order for Flagstar Bank signed on 8/24/2015

7) CONTINUED HEARING ON EXPARTE FORM OF ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER FOR FLAGSTAR BANK (CONT. FROM 8/20/15)
   R / M #:   1,778 / 0
   **VACATED:** ORDER Terminating the Automatic Stay for Failure to Cure Pursuant to the Terms of the Adequate Protection Order signed on 8/24/2015

*Appearances:*

SCOTT D. GIBSON REPRESENTING DEED AND NOTE TRADERS, L.L.C. AND APPEARING IN PERSON
THOMAS D. LAUE REPRESENTING CHRISTOPHER JORDAN AND APPEARING IN PERSON
LEONARD J. MCDONALD REPRESENTING SEVERAL SECURED CREDITORS AND APPEARING BY TELEPHONE
MICHAEL D CURRAN REPRESENTING JP MORGAN CHASE BANK AND APPEARING BY TELEPHONE
PHILIP GILES REPRESENTING OCWEN LOAN SERVICING, RUSHMORE LOAN MANAGEMENT SERVICES, AND WELLS FARGO BANK, N.A AND APPEARING BY TELEPHONE

Page 1 of 3

Case 4:10-bk-03640-BMW    Doc 1812    Filed 10/14/15    Entered 10/22/15 18:35:17    Desc
Main Document    Page 1 of 3    10/22/2015  6:34:43PM

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   4:10-BK-03640-BMW        WEDNESDAY, OCTOBER 14, 2015 01:30 PM

## *Proceedings:*

ITEM 1: HEARING ON DEBTOR'S MOTION TO MODIFY PLAN

ITEM 2: CONTINUED HEARING RE: ORDER TO SHOW CAUSE FOR CONTEMPT (CONT. FROM 06/12/2015)

ITEM 3: CONTINUED STATUS HEARING RE: MOTION TO APPROVE ORDERS CLARIFYING TERMS OF CONFIRMED PLAN FILED BY JP MORGAN CHASE BANK NATIONAL ASSOCIATION (CONT. FROM 8/20/15)

ITEM 4: EXPEDITED HEARING ON MOTION TO COMPEL DEBTOR TO PERFORM ITS OBLIGATIONS PURSUANT TO ASSUMED CONTRACT FILED BY UDALL LAW FIRM, LLP REPRESENTING CHRISTOPHER JORDAN

ITEM 5: CONTINUED STATUS HEARING (CONT. FROM 08/20/2015).

**1:33 PM**
Mr. Laue states that no opposition has been filed in relation to the Motion to Compel.  There is a disagreement between Debtor and Bank of America regarding the amount of the mortgage lien which is holding up the sale of the property to Mr. Jordan.  The title to the property is held by Deed and Note Traders.

Mr. Gibson discusses the specifics of the disagreement between the debtor and Bank of America.

COURT: This agreement between Mr. Jordan and Deed & Note was executed in October, 2012.  The plan was confirmed in 2011 and the Court has no jurisdiction to resolve a dispute regarding a post confirmation agreement. The automatic stay terminated upon plan confirmation.

Mr. McDonald states that Debtor's representative has been making incorrect payments for years causing this confusion.  There is a Trustee Sale scheduled to occur for this particular property on 10/21/15.

Mr. Gibson states that Debtor's payments have been applied incorrectly.

COURT: WITH RESPECT TO THE MOTION TO COMPEL, THIS COURT DOES NOT HAVE JURISDICTION TO RESOLVE ANY DISPUTE SINCE THE AGREEMENT WAS ENTERED POST-CONFIRMATION.  THERE IS NO STAY IN EFFECT SO CREDITORS ARE FREE TO PURSUE REMEDIES OUTSIDE OF BANKRUPTCY.

**1:45 PM**
Mr. Gibson discusses the history of the case.  Mr. Gibson explains that mortgagees have ignored the plan for some properties and applied payments incorrectly for other properties.  The lenders with counsel appearing today are largely in compliance.  The problem predominantly lies with the creditors that have not appeared in this case.

Mr. Gibson clarifies for the Court that the Application for Order to Show Cause was filed in 2013.  Mr. Gibson would like the lenders to be required to provide payment information regarding the properties as gathering this type of information for so many properties is a significant administrative burden for the debtor.

COURT: Does the Exhibit to the Application for Order to Show Cause need to be updated?  It seems that some creditors have not received Notice.

Mr. Gibson states that the list contained in the Exhibit is still accurate and the creditors received Notice in 2013.

**1:53 PM**
Mr. Gibson states that there was a 7 year term on the plan that was confirmed in 2008 which expires in November, 2015.  He asks the Court for a 30 day continuance on the Motion to Modify Plan.  Creditors misapplying payments have caused payments to be reported as delinquent when the payments are in fact current.

COURT: MR. GIBSON IS TO RE-FILE AND/OR SUPPLEMENT THE APPLICATION FOR ORDER TO SHOW CAUSE WITH AN UPDATED LIST OF NON-COMPLIANT CREDITORS AND SERVE IT ON THE PARTIES.  THE LIST IS TO CLEARLY INDICATE HOW EACH CREDITOR IS NOT COMPLYING WITH THE PLAN.  ANY RESPONSES ARE DUE 1 WEEK PRIOR TO THE HEARING AND MR. GIBSON IS TO CONTACT THE COURTROOM DEPUTY FOR A HEARING DATE.

Mr. Gibson confirms for the Court that he is requesting an interim Order with respect to the Motion to Modify in order to be able to get to the

Case 4:10-bk-03640-BMW    Doc 1812    Filed 10/14/15    Entered 10/22/15 18:35:17    Desc
Main Document    Page 2 of 3                                                10/22/2015   6:34:43PM

hearing regarding the Order to Show Cause. There were 2 objections filed regarding the Motion to Modify which extends the term of the plan for 5 years.

The Court asks if the parties object to extending the term of the plan until the end of December, 2015 to allow for the hearing on the Order to Show Cause to be held in November.

Mr. McDonald states that a balloon payment is due on 11/04/2015. His clients have no objection to extending the term to the end of December but he is concerned that creditors not present at today's hearing may start Trustee Sales.

Mr. Gibson states that he will get injunctions in state court to address any Trustee Sales if needed.

Mr. Giles states that given the circumstances of the case and the time needed to address the issues, he would not oppose extending the terms until the end of December.

COURT: THE MOTION TO MODIFY IS CONDITIONALLY GRANTED UNTIL 12/31/2015. MR. GIBSON IS TO UPLOAD A FORM OF ORDER AND NOTIFY MS. MARTINEZ ONCE IT HAS BEEN UPLOADED. THE MOTION TO MODIFY WILL BE CONTINUED WITH THE HEARING ON THE ORDER TO SHOW CAUSE.


**2:06 PM**
Mr. Curran states he would like the Court to enter the Orders Clarifying the Terms of the Plan previously uploaded with regards to the JP Morgan Chase properties so he can ensure his client is in compliance.

Mr. Gibson states that if the Orders are correct, they can be entered and if they are not correct, then he will confer with Mr. Curran to reach a resolution before next hearing.

Mr. Curran states that he needs Orders in place so his client can take action to be in compliance with the plan.

COURT: THE PARTIES WILL WORK TOWARDS RESOLUTION. THE HEARING ON THE MOTION FOR ORDERS CLARIFYING TERMS OF THE PLAN WILL BE CONTINUED WITH THE MOTION TO MODIFY AND THE ORDER TO SHOW CAUSE. IN THE EVENT THE PARTIES CAN NOT REACH A RESOLUTION AND AN EARLIER HEARING IS REQUIRED, ANY OBJECTIONS TO THE ORDERS CLARIFYING TERMS WILL BE DUE ONE WEEK PRIOR TO THE HEARING.

Page 3 of 3

Case 4:10-bk-03640-BMW    Doc 1812    Filed 10/14/15    Entered 10/22/15 18:35:17    Desc
Main Document    Page 3 of 3                                                10/22/2015  6:34:43PM