# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

# Minute Entry

*Hearing Information:*

        **Debtor:** DEED AND NOTE TRADERS, L.L.C.
    **Case Number:** 4:10-BK-03640-BMW     **Chapter:** 11
  **Date / Time / Room:** WEDNESDAY, MARCH 02, 2016 10:15 AM   COURTROOM 446
   **Bankruptcy Judge:** BRENDA M. WHINERY
    **Courtroom Clerk:** REBECCA VOLZ
     **Reporter / ECR:** LATOSHA TRIPP

*Matters:*

1) HEARING RE: SUPPLEMENTAL APPLICATION FOR ORDER TO SHOW CAUSE FOR CONTEMPT (CONT. FROM 10/14/15)
   **R / M #:** 1,824 / 0

2) CONTINUED HEARING ON DEBTOR'S MOTION TO MODIFY PLAN (CONT. FROM 10/14/15)
   **R / M #:** 1,766 / 0

3) CONTINUED HEARING RE: MOTION TO APPROVE ORDERS CLARIFYING TERMS OF CONFIRMED PLAN FILED BY JP MORGAN CHASE BANK NATIONAL ASSOCIATION (CONT. FROM 8/20/15) (CONT. FROM 10/14/15)
   **R / M #:** 1,782 / 0

*Appearances:*

   SCOTT D. GIBSON REPRESENTING DEED AND NOTE TRADERS, L.L.C. AND APPEARING IN PERSON
   DAVID KINAS, ATTENDING IN PERSON
   DEANNE KINAS, ATTENDING IN PERSON
   PHILIP GILES, APPEARING BY VIDEO, REPRESENTING CITIMORTGAGE AND RUSHMORE
   KRISTIN MCDONALD, APPEARING BY VIDEO, REPRESENTING DITECH FINANCIAL, SETERUS AND SELECT PORTFOLIO SERVICING
   LEONARD MCDONALD, APPEARING BY VIDEO, REPRESENTING WELLS FARGO, AMERICA'S SERVICING COMPANY, BANK OF AMERICA, FLAGSTAR BANK, NATIONSTAR MORTGAGE, PNC MORTGAGE AND RCS
   MICHAEL CURRAN REPRESENTING JPMORGAN CHASE BANK AND APPEARING BY VIDEO
   SOL KROTZER REPRESENTING OCWEN LOAN SERVICING AND APPEARING BY VIDEO
   MARK ESTLE, APPEARING TELEPHONICALLY, REPRESENTING SPECIALIZED LOAN SERVICING AND RUSHMORE

(continue)...   4:10-BK-03640-BMW          WEDNESDAY, MARCH 02, 2016 10:15 AM

## *Proceedings:*

ITEM 1: HEARING RE: SUPPLEMENTAL APPLICATION FOR ORDER TO SHOW CAUSE FOR CONTEMPT (CONT. FROM 10/14/15)

ITEM 2: CONTINUED HEARING ON DEBTOR'S MOTION TO MODIFY PLAN (CONT. FROM 10/14/15)

ITEM 3: CONTINUED HEARING RE: MOTION TO APPROVE ORDERS CLARIFYING TERMS OF CONFIRMED PLAN FILED BY JP MORGAN CHASE BANK NATIONAL ASSOCIATION (CONT. FROM 8/20/15) (CONT. FROM 10/14/15)

**ITEMS 1 AND 2**
Mr. Gibson summarizes the history of the case. He reports the lenders have been misapplying plan payments which prompted the filing of the Application for Order to Show Cause. The misapplied payments initiated erroneous reports of default and eventual foreclosure proceedings which have damaged the debtor. He requests the Court enter an order directing lenders to enter in to stipulations with Debtor. The stipulations would require lenders to:
1) confirm the principal balance pursuant to plan, ordered by the Court or stipulated between the parties
2) confirm the fixed interest rate during the plan
3) provide a payment history with information regarding payment application
4) provide an escrow accounting
5) correct any erroneous reports of default with the credit agencies
6) provide timely and correct payoff statements
If taxes and insurance were not timely paid, Mr. Gibson requests the lenders be required to pay any fees and costs the late payments incurred. He proposes procedures for resolving disputes as to payoff amounts. Absent stipulations with the lenders, Mr. Gibson requests the Court enter an order finding the lenders are not in compliance with the confirmed plan.

*10:42 AM*
Mr. Giles states his clients have complied with the terms of the plan. He argues the Motion to Modify should not be granted with respect to all creditors given that balloon payments are now past due. He requests his clients be discharged from the Order to Show Cause. He requests the Motion to Modify not be granted with respect to his clients given the debtors are currently in default.

Mr. McDonald concurs with Mr. Giles. He requests no extension of the loan maturity dates and that his clients be discharged from the Order to Show Cause as they have been in compliance since the entry of the clarification orders.

Mr. Curran states that without the clarification orders, he is unsure if his clients are in compliance with the confirmed plan. He requests the clarification orders be entered so he can determine whether or not JP Morgan Chase is in compliance.

Mr. Gibson responds and states if the payments were misapplied, foreclosure proceedings could have been initiated in error.

*10:51 AM*
The Court asks if the debtor is prepared to pay the balloon payments if lenders are found to be in compliance.

Mr. Gibson is requesting the Motion to Modify be granted with respect to all creditors regardless of compliance. The debtor can not pay the balloon payments at this time. He is prepared to present evidence regarding the effect of the erroneous defaults and how that has negatively impacted the debtor across the board, including the debtor's credit rating, which impaired the debtor's ability to refinance loans etc.

COURT: THE COURT WILL TAKE DEBTOR'S MOTION TO MODIFY PLAN AND DEBTOR'S SUPPLEMENTAL APPLICATION FOR ORDER TO SHOW CAUSE FOR CONTEMPT UNDER ADVISEMENT.

*10:56 AM*
**ITEM 3**
The Court asks if Debtor objects to the entry of the clarifying orders for JPMorgan Chase.

Mr. Gibson does not object to the entry of the orders but reserves the right to address any non-compliance issues in the future if JPMorgan Chase has not complied with the confirmed plan.

Mr. Curran concurs that any non-compliance issues may be addressed in the future.

COURT: MR. CURRAN IS TO RE-UPLOAD THE ORDERS CLARIFYING THE TERMS OF THE CONFIRMED PLAN FOR THE COURT'S REVIEW AND SIGNATURE.

Page 2 of 2

Case 4:10-bk-03640-BMW    Doc 1900    Filed 03/02/16    Entered 03/09/16 14:04:28    Desc
Main Document    Page 2 of 2                                    03/09/2016   2:04:01PM