# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>DEED AND NOTE TRADERS, L.L.C.,<br>Debtor. | Chapter 11<br>Case No. 4:10-bk-03640-BMW<br><br>**RULING AND ORDER REGARDING DEBTOR'S APPLICATION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT AND DEBTOR'S MOTION TO MODIFY THE PLAN** |

These matters came before the Court pursuant to the *Motion for Order to Show Cause Directing Secured Creditors to Comply with Terms of Plan*, originally filed on March 6, 2013 (Docket No. 1395) (the "Motion for OSC"), as supplemented by the *Supplement to Reorganized Debtor's Application for Order to Show Cause re: Contempt* on December 30, 2015 (Docket No. 1824) (the "OSC Supplement"), and the *Motion to Modify Plan* (the "Motion to Modify") filed on June 10, 2015 (Docket No. 1766), by Deed and Note Traders, L.L.C. (the "Debtor").

Objections and/or responses to the Motion for OSC and/or OSC Supplement were filed by Bank of America, N.A. (Docket No. 1408), Homeward Residential, Inc. (Docket No. 1407), Ocwen Loan Servicing, LLC (Docket Nos. 1406 and 1859), Christiana Trust (Docket No. 1830), U.S. Bank National Association (Docket Nos. 1831 and 1832), Citigroup Mortgage Loan Trust Inc. (Docket No. 1833), PNC Mortgage (Docket No. 1838), Caliber Home Loans, Inc., as servicer for LSF9 Master Participation Trust (Docket No. 1843), Rushmore Loan

Management Services, LLC (Docket No. 1847), CitiMortgage, Inc. (Docket No. 1850), J.P. Morgan Mortgage Acquisition Corp. (Docket No. 1853), Flagstar Bank, FSB (Docket No. 1854), JPMorgan Chase Bank, N.A. (Docket Nos. 1855 and 1856), Nationstar Mortgage, LLC (Docket No. 1857), Deutsche Bank National Trust Company (Docket No. 1858), Ditech Financial LLC fka Green Tree Servicing LLC (Docket Nos. 1860 and 1867), America's Servicing Company dba Wells Fargo Bank, N.A. and Wells Fargo Bank, N.A. (Docket No. 1861), Bank of America, N.A. (Docket Nos. 1862 and 1868), and Seterus, Inc. (Docket No. 1863).

Objections and/or responses to the Motion to Modify were filed by PNC Mortgage, Wells Fargo Bank, N.A., Flagstar Bank, FSB, Residential Credit Solutions, as servicer for J.P. Morgan Acquisition Corp., Ocwen Loan Servicing, LLC and Green Tree Servicing, LLC (collectively) (Docket No. 1777), Rushmore Loan Management Services, LLC, Wells Fargo Bank, N.A. and Ocwen Loan Servicing, LLC (collectively) (Docket No. 1788), Rushmore Loan Management Services, LLC (Docket No. 1848), CitiMortgage, Inc. (Docket No. 1849), JPMorgan Chase Bank, N.A. (Docket No. 1855), Deutsche Bank National Trust Company (Docket No. 1858), Ditech Financial LLC fka Green Tree Servicing, LLC (Docket No. 1860), and Seterus, Inc. (Docket No. 1866).

A hearing with respect to the foregoing Motions was conducted on March 2, 2016, at which time the Court took the matters under advisement. Upon consideration of the entire record in this case, including the arguments of counsel at the hearing, the Court issues the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as incorporated by Federal Rule of Bankruptcy Procedure 7052.

**Factual and Procedural Background:**

A.   First Chapter 11 Bankruptcy Case

1.   On December 7, 2007, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, which was assigned Case No. 4:07-bk-01734-EWH (the "First Case").

2.   On December 26, 2007, Debtor filed a Disclosure Statement and Plan of

Reorganization dated December 7, 2007, which was amended on April 24, 2008 and on May 22, 2008 (the "First Plan").

3. The First Plan classified certain claims secured by real property in Class 4. The First Plan provided that Class 4 Claimants would retain their liens and security interests in the real property securing the claims and would be paid as follows:

> **b. Payment of the Class 4 Claim.** Upon the earliest to occur of (i) the Maturity Date (as defined below), (ii) a Sale of the property securing said Claim, other than a sale where the Debtor provides all or any portion of the financing for the sale, or (iii) the refinancing of the secured indebtedness against said property, the entire amount of the Class 4 Claims and all accrued-but-unpaid interest thereon (as provided in paragraph 6.1(a), above) shall be due and payable in full; provided, however, that absent a Sale or refinancing of the indebtedness secured by said Property, commencing on the earlier of (i) fifteen (15th) day of the second (2nd) calendar month following the Effective Date, or 45 days after the Effective Date, interest on the Class 4 Claims shall be paid monthly, with the entire amount of the Outstanding Principal and all accrued-but-unpaid interest due and payable as to those Class 4 Claims that are secured by a first position lien (other than real estate taxes) on or before the seventh anniversary of the Effective date and as to those Class 4 Claim that are secured by a 2d or 3d lien position, on or before the fifth anniversary of the Effective Date (the "Maturity Date").

4. The Court entered its *Order Confirming Debtor's Plan of Reorganization Dated December 7, 2007 as Amended* on October 23, 2008 (Docket No. 965) (the "First Confirmation Order").

5. On February 8, 2010, the Court entered a *Final Decree and Order Closing Case* in the First Case (Docket No. 1483), on the basis that payments had commenced under the First Plan and the Debtor had substantially consummated the Plan under § 1101 of the Bankruptcy Code.

B.  Current Chapter 11 Bankruptcy Case

1. On February 12, 2010, four days after the closing of the First Case, Debtor commenced this case by filing a second voluntary petition under Chapter 11 of the Bankruptcy

Code (the "Second Case").

2. On April 6, 2010, the Debtor filed its *Disclosure Statement for Debtor's Plan of Reorganization Dated April 2, 2010* (Docket No. 68) ("the Disclosure Statement").

3. On April 6, 2010, Debtor filed its *Plan of Reorganization Dated April 2, 2010* (Docket No. 69), which was modified on December 22, 2010 (Docket No. 1060) (the "Second Plan"). The Second Plan provides for the following treatment of Class 4 Claims:

> 6.1 The Class 4 Claimants shall retain their lien and security interest in and to the real property securing said Claim. The Allowed Amount of the Class 4 Allowed Secured Claim shall be paid as follows:
>
> **a. Payment of Interest.**
> The holder of Class 4 Allowed Secured Claims shall receive deferred interest only cash payments based upon the amount of the Outstanding Principal of each such claim, as of the Effective Date calculated at the rate set forth in the first Plan. Commencing on the 1st day of the second calendar month following the Effective Date and on the 1st day of each month thereafter for the remaining term of the payment obligations under the First Plan, interest shall be payable in arrears to the holders of Class 4 Claims.
>
> **b. Payment of Principal.**
> Upon the earliest to occur of (i) the expiration of the Plan Period, (ii) the sale of the collateral for a Class 4 Claim, or (ii) the refinancing of the indebtedness for any Class 4 Claim, or (iii) the original maturity date for each Class 4 Claim set forth in the First Plan, the entire amount of the then Outstanding Principal of the Class 4 Claims and all accrued but unpaid interest thereon shall be due and payable in full; provided, ho [*sic*] due and payable in full.

4. On June 9, 2010, the Debtor filed its *First Amended Disclosure Statement for Debtor's Plan of Reorganization Dated April 2, 2010* (Docket No. 278) (the "Amended Disclosure Statement"). Attached to the Amended Disclosure Statement, as Exhibit 5, is a schedule of all of the properties and lenders with alleged secured claims against the Debtor's bankruptcy estate, the balances of the liens against each property, and the estimated current market value of each property.

5. On February 10, 2011, the Court issued an *Order Confirming Debtor's Plan of*

*Reorganization Dated April 2, 2010 as Modified by First Modification of Plan Dated December 22, 2010* (Docket No. 1133) (the "Second Confirmation Order").

6. On September 13, 2012, the Debtor filed its *Motion for Entry of Order Directing Lenders to Comply with Terms of Confirmed Plan of Reorganization or Be Subject to Contempt Citation* (Docket No. 1364) (the "Motion to Comply") alleging that most of the Debtor's secured creditors have "for all intents and purposes ignored the Plan and continue to insist that the Debtor pay its mortgages according to the original terms." Attached to the Motion to Comply, as Exhibit "A", are examples of correspondence sent to Debtor, which the Debtor asserts establish that its creditors are not in compliance with the Second Plan as confirmed.

7. On October 2, 2012, the Court issued the *Order Directing Secured Creditors to Comply with Terms of Plan* (Docket No. 1368) (the "Order to Comply") requiring lenders to accept payments from the Debtor as provided for under the Second Plan, to amend their records to reflect their treatment in the Second Plan, and indicating that, if the lenders failed to do the same, the Debtor could file a motion requesting the Court issue an order directing the lender to appear and show cause why the lender should not be held in contempt for failure to abide by the terms of the Second Plan.

8. On March 6, 2013, Debtor filed its Motion for OSC indicating that the lenders continued to refuse to abide by the terms of the Second Plan and asserting that the Debtor had served copies of the Order to Comply upon lenders, seeking compliance with the Second Plan.

9. On March 12, 2013, the Court issued the *Order to Show Cause Regarding Creditors' Failure to Comply with Debtor's Plan* (Docket No. 1402) (the "OSC Order") requiring certain secured creditors of the Debtor to appear and show cause why they should not be held in contempt for failing to comply with the terms of the Second Plan. Attached to the OSC Order as Exhibit "A" was a list of loans and the corresponding creditors alleged to have failed to comply with the Second Plan.

10. The Court held a hearing on the OSC Order on April 11, 2013.

11. At the April 11, 2013 hearing, as to the creditors who did not appear, the Court directed Debtor to lodge an order that specified, by property and by lender, those lenders that

failed to appear, and finding that they were in contempt. The Debtor was to provide a calculation of damages by property and lender and to provide notice of the same to the lenders. If the lenders did not respond, the Court would award damages. The Court further ordered counsel to work towards stipulations with those creditors that had appeared. (4/11/13 Minute Entry, Docket No. 1430).

12. There is nothing in the record to indicate that Debtor's counsel lodged a form of order nor provided the required notice of damage calculations.

13. At a subsequent hearing on July 10, 2014, the Court directed Debtor to update the list of creditors pertaining to the OSC Motion and to lodge an order for each creditor and serve it pursuant to the adversary rules. The orders were to include language that failure to comply within thirty (30) days may result in the imposition of sanctions, including but not limited to an award of attorneys' fees. (7/10/14 Minute Entry, Docket No. 1646).

14. The record does not reflect that the Debtor complied with the Court's instruction to update the list of creditors, or to upload such orders, nor were any such orders ever entered by the Court.

15. The Motion to Modify was filed on June 10, 2015, which requested that the Debtor be allowed to modify the confirmed Second Plan on the basis that "numerous creditors have failed to comply with the terms of the confirmed Plan and have continued to report various secured loans which are otherwise current in a default status, thereby precluding the Debtor from qualifying for refinancing of these secured loans within the time frame contemplated by the original Plan." (Docket No. 1766, pg. 1). The Debtor therefore sought to modify the confirmed Second Plan to extend the deadline for maturity of the secured loans under its First Plan and Second Plan for a period of five (5) years, until November 23, 2020.

16. The case was reassigned from Judge Hollowell to this Court on June 17, 2015.

17. The Court held a hearing on both the Motion to Modify and the OSC Order on October 14, 2015.

18. At the October 14 hearing, Debtor's counsel explained the history of the cases, and again asserted that certain creditors were not complying with the terms of the confirmed

Second Plan. He further asserted that the First Plan, as confirmed in 2008, had a seven (7) year term and matured in November 2015. (10/14/15 Minute Entry, Docket No. 1812).

19. At the conclusion of the October 14 hearing, the Court ordered Debtor to re-file and/or supplement the Motion for OSC with an updated list of the alleged non-compliant creditors and to serve it on these creditors. The Court also ordered that Debtor clearly specify the nature and extent of each creditor's alleged failure to comply with the Second Plan. The Court also conditionally granted the Motion to Modify through December 31, 2015, to give the Debtor an opportunity to prepare and serve the supplement and to obtain a hearing prior to the expiration of the extension. (10/14/16 Minute Entry, Docket No. 1812).

20. On December 20, 2015, the Debtor filed the OSC Supplement. On December 30, 2015, the Debtor requested a hearing on the OSC Supplement, but did not file a motion to expedite.

21. On December 30, 2015, the Debtor filed a *Motion to Extend the Term of the Debtor's Plan of Reorganization* (the "Motion to Extend") (Docket No. 1825) and lodged a form of order with the Motion to Extend. The Debtor did not, however, request a hearing on the Motion to Extend, nor any expedited consideration. The Court did not enter the lodged order.

22. As set forth above, numerous objections and responses were filed by various lenders to the OSC Motion, the OSC Supplement and the Motion to Modify.

23. The Court held a hearing on March 2, 2016, to consider the OSC Supplement and the Motion to Modify, as well as the numerous objections and responses. At that hearing the Court considered the arguments of counsel and took the matters under advisement.

**Analysis and Conclusions of Law:**

A. <u>Order to Show Cause</u>

Pursuant to 11 U.S.C. § 105, the Court has discretion to take any action or make any determination necessary or appropriate to enforce or implement court orders, rules, or to prevent an abuse of process. 11 U.S.C. § 105(a). Such remedies must, however, be necessary

and appropriate to carry out the provisions of the Bankruptcy Code. *In re Dyer*, 322 F.3d 1178, 1189-90 (9th Cir. 2003). Where the purpose of a motion is to compensate a movant for the cost of the contemptuous conduct or to coerce future compliance with a court order, the contempt order is civil in nature. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). Civil penalties must either be compensatory or designed to coerce compliance. *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128 (9th Cir. 2001).

A party moving to hold another party in civil contempt has the burden of showing, by clear and convincing evidence, that the contemnor violated a specific and definite order of the court. *In re Dyer*, 322 F.3d at 1190-91. This district has previously held that in a civil contempt proceeding, the moving party must establish a prima facie showing that the non-moving party has failed to comply with a valid court order. *Sidney v. MacDonald*, 536 F. Supp. 420, 422 (D. Ariz. 1982), *aff'd sub nom. Sidney v. Zah*, 718 F.2d 1453 (9th Cir. 1983). A prima facie case consists of proof that a defendant has failed to comply with a court order. *Id*.

In the present case, the Debtor first asserted, in its Motion to Comply, filed in September 2012, that certain secured creditors were not complying with the provisions of the Second Plan. Although general allegations were made, no details, nor specifics as to lenders, were provided. Although the Court entered an Order to Comply in October 2012, which required secured lenders to Comply with the Second Plan, that Order did not impose sanctions and specifically stated that "[S]hould any lender refuse to accept payment from the Debtor as provided for under the Plan, upon motion by the Debtor, this Court may issue an order directing such lender to appear and show cause, … why such secured creditor should not be held in contempt for failure to abide by the Confirmed Plan of Reorganization." (Docket No. 1368).

Five months later, the Debtor filed its Motion for OSC. Again the Debtor made general allegations that secured creditors were not complying with the Second Plan, but provided no detail, or specifics on any lender-by-lender basis, other than attaching a list of lenders. The Court issued its OSC Order setting a hearing for April 11, 2013. At that hearing the Debtor was directed to lodge an order that specified, by property and by lender, those lenders that failed to appear and to provide a calculation of asserted damages by property and lender, and to serve

the same upon the lenders. No orders or calculation of asserted damages were submitted to the Court.

At a subsequent hearing on July 10, 2014, the Debtor was again directed to update a list of lenders allegedly in violation of the Second Plan, to lodge an order, serve it upon lenders and provide notice that a failure to comply may result in sanctions. The Debtor did not comply with the Court's instructions and no such orders were uploaded to the Court.

No further hearings on the OSC Order were conducted until this Court set a status hearing on October 14, 2015, upon reassignment of the case from Judge Hollowell. Based upon the length of time, from July 10, 2014 to October 14, 2015, since the last hearing, this Court ordered the Debtor to re-file and/or supplement the Motion for OSC clearly specifying the nature and extent of each lender's alleged failure to comply with the Second Plan.

The OSC Supplement was not filed until December 30, 2015. No specificity as to the alleged failures to comply are set forth in the pleading. A spreadsheet is attached to the pleading, which purportedly provides the reasons why the lenders are not in compliance with the Second Plan. There is no indication as to who prepared the spreadsheet, nor is the spreadsheet supported by a declaration or any other evidence from the Debtor. The reasons stated include, "lender not following BK loan amt.", "lender loan amt. and int. incorrect", "lender not sending statement," or variations of the foregoing. No further specificity is provided, nor are any calculations of alleged damages provided as previously required by the Court.

The Responses and Objections to the OSC Supplement include assertions that 1) the Debtor has failed to make payments under the Second Plan; 2) the information in the spreadsheet is inaccurate or misleading based on clarifications that have been entered by the Court, or stay relief has been granted so the property is no longer subject to the Plans; or 3) variations of the above. Several objections are supported by declarations of the lenders.

Although given numerous opportunities, over a period of several years, the Debtor has failed to provide detail sufficient to establish a prima facie case that the lenders have failed to comply with the Second Plan. Even assuming that the Debtor could establish a violation of 11

U.S.C. § 105(a), the Debtor has failed to provide or establish any basis for damages. The Debtor did not comply with Judge Hollowell's order to provide a damage calculation, nor was such information provided with the OSC Supplement.

It is therefore the determination of this Court that the OSC Motion must be denied.

B.    Motion to Modify

In its Motion to Modify, the Debtor seeks to modify the Second Plan to extend the deadline for full payment of the secured loans under the First Plan and Second Plan for a period of five years, from November 23, 2015 to November 23, 2020. The basis stated by Debtor for such extension is the same as set forth in the Motion for OSC, specifically, that the lenders have failed to comply with the Second Plan and as a result, the Debtor's credit standing was impaired, and it was unable to refinance the loans prior to the November 2015 maturity date. The Debtor did not identify which creditors failed to comply, nor explain how they had failed to comply.

The Debtor must establish that it is able to modify the Second Plan pursuant to 11 U.S.C. § 1127. 11 U.S.C. § 1127(b) provides, in pertinent part, that:

> [A] reorganized debtor may modify [a] plan at any time after confirmation of such plan and before substantial consumation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C. § 1127(b).

Substantial consummation is defined in 11 U.S.C. § 1101(2) as a:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

11 U.S.C. § 1101(2)(A)-(C). Whether a plan has been substantially consummated is a question of fact. *In re Antiquities of Nevada, Inc.*, 173 B.R. 926, 928 (B.A.P. 9th Cir. 1994). The movant has the initial burden to show that a plan has not been substantially consummated. *Id.* at 929. The commencement of distributions under a plan only requires that distributions commence rather than near completion. *Id.*

In the present case, the First Plan was clearly substantially consummated, as set forth in the Motion for Entry of Final Decree and Closing Case. The Debtor does not address consummation of the Second Plan. However, it is clear from the Second Plan that payments under the Second Plan were to commence on the Effective Date, February 21, 2011, and the maturity date was November 23, 2015. As stated above, this Court granted a conditional extension of the maturity date to December 31, 2015, to allow the Debtor to supplement its Motion for OSC and have a hearing prior to the December 31, 2015 deadline. Although the Motion to Extend was filed on December 30, 2015, a hearing was not requested, nor was any expedited consideration requested, prior to the expiration of the extension on December 31, 2015. The extension was not granted and the Debtor's payment obligations under the Second Plan have fully matured and are due and payable.

The Debtor has acknowledged that payments were commenced, but argues that its inability to perform under the Second Plan is due to the conduct of the lenders. This Court has already determined that there is no basis to find that the lenders have failed to comply with the terms of the Second Plan. A debtor cannot modify a plan due to its non-performance under a plan. *See In re Dam Road Mini Storage*, 156 B.R. 270, 271 (Bankr. S.D.Cal. 1993) ("The debtor's inability to refinance or sell the property by the 'drop dead date' in order to pay its creditors is not a reason for modification under § 1127(b).").

Based upon the facts and entire record in this case, it is the Court's determination that the Second Plan has been substantially consummated, and has fully matured. The Debtor cannot meet the requirements under 11 U.S.C. § 1127(b) for modification and the Motion to Modify must be denied.

Wherefore, based upon the foregoing, and the totality of the circumstances in this case,

the Court finds and concludes that:

1) The Debtor has failed to meet its burden of proof that the lenders have failed to comply with a valid court order or to substantiate any basis for an award of sanctions; and

2) The Second Plan has been substantially consummated and has fully matured and can therefore not be modified pursuant to 11 U.S.C. § 1127(b).

Based on the foregoing and for good cause shown;

IT IS HEREBY ORDERED denying the Motion for OSC and OSC Supplement;

IT IS FURTHER ORDERED denying the Motion to Modify.

SIGNED AND DATED ABOVE.